Michael E. Piston
Piston & Carpenter P.C.
Attorney for the Plaintiffs
314 Town Center Dr.
Troy, MI 48084
646-845-9895
Fx: 206-770-6350

UNITED STATES DISTRCT COURT FOR ARIZONA

| | |
|---|---|
| Srinvas Kompella and Lakshmi Soudhas Kompella | Case No |
| Plaintiffs | Complaint |
| -against- | |
| United States Citizenship and Immigration Services | |

1. This is the plaintiffs', Srinivas Kompella (A089162195) and his wife, Lakshmi Soudhas Kompella (A0891621950), actions for judicial review under the Administrative Procedure Act of the decision of the defendant, United States Citizenship and Immigration Services (USCIS), to reject for filing their Forms I-485, Application to Register Permanent Residence or Adjust Status, in file nos.

MSC2390849313 and MSC2390849310, respectively, because, supposedly, " a visa is not available for your priority date."

2. As will be shown, a visa was in fact available for their priority date at the time of rejection, and therefore the rejection should be held unlawful and set aside, and the USCIS directed to accept Mr. and Mrs. Kompella's (the Kompellas') applications.

## DESCRIPTION OF THE PARTIES

3.Plaintiffs are citizens and nationals of India, currently residing in the city of Phoenix, state of Arizona.

4. The United States Citizenship and Immigration Services is an agency within the Department of Homeland Security with, among other things, responsibility for the adjudication Forms I-485, Application to Register Permanent Residence or Adjust Status.

## JURISDICTION

5. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Mandamus Act, 28 U.S.C. § 1361, both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

6. This Court has venue over this matter under 28 U.S.C. § 1391(e) in that the plaintiffs reside in this judicial district.

## BRIEF NARRATIVE OF PERTINENT FACTS

7. On September 19, 2003, an Application for Alien Employment Certification was filed upon Mr. Kompella's behalf by Real Technologies, USA, Inc. (Real Technologies), a U.S. employer, with a branch of the Pennsylvania Department of Labor acting as a local office of the U.S. Department of Labor, offering him the job of a Software Engineer.

8. Following the approval of this application on March 10, 2004, Real Technologies filed a Form I-140, Immigrant Petition for Alien Worker, upon Mr. Kompella's behalf with the USCIS, which was approved on June 23, 2005, classifying him as an immigrant under 8 U.S.C. § 1153(a)(3)(A)(i) or (ii).

9. In 2011 Real Technologies ceased doing business.

10. Real Technologies' petition was automatically revoked by its cessation of business in 2011. 8 § CFR 205.1(a)(3)(iii)(D)(2011) ( an immigrant visa petition is automatically revoked "[u]pon

termination of the employer's business in an employment-based preference case under section 203(b)(1)(B), 203(b)(1)(C), 203(b)(2), or 203(b)(3) of the Act."[1]

11. On June 30, 2023, USCIS approved a Form I-140, Petition for Immigrant Worker, filed by Allied Informatics, Inc. to classify Srinivas Kompella as a Professional under 8 U.S.C. § 1153(b)(3)(A)(ii).

12. Pursuant to 8 C.F.R. § 204.5(e)(1), Real Technologies' approved petition upon Mr. Kompella's behalf accorded its priority date to Allied Informatics' petition upon Mr. Kompella's behalf.

13. Therefore the priority date of Allied Informatics' petition is September 13, 2003.

---

[1] Although this regulation was amended effective January 17, 2017, 81 FR 82395, 82486, to make a revocation based upon termination of the employer's business ineffective when it occurred more than 180 days after the petition was approved, this regulatory change was not intended to be retroactively effective. 81 FR 82398, 82416-82417.

14. Although revocation on certain grounds can be a bar to the transfer of a priority date between petitions, revocation due to the cessation of business is not one of them. 8 § CFR 204.5(e)(2).[2]

15. On approximately September 13, 2023, the Kompellas submitted their applications for adjustment of status with USCIS based upon Allied Informatics' petition upon their behalf.

16. Exhibits A & B to this complaint are an accurate copy of those applications as submitted.

---

[2] 8 CFR § 204.5(e)(2) does provide in material part that "(2) The priority date of a petition may not be retained under paragraph (e)(1) of this section if at any time USCIS revokes the approval of the petition because of: …

(iv) A determination by USCIS that petition approval was based on a material error.

While USCIS purported to so revoke Real Technology's petition on that ground in 2021, given that the termination of Real Tech's business automatically revoked its petition upon the beneficiary's behalf well before the instant purported revocation, this attempted revocation is void and the decision cannot be revoked again. See *Matter of Cintron,* 16 I&N Dec.9 (BIA 1967), holding that a denied petition cannot be revoked. Further, the Administrative Appeals Office itself has ruled in at least 5 unpublished decisions that *Cintron* prohibits petitions automatically revoked from being revoked again.

17. On September 25, 2023, USCIS rejected those applications on the grounds that, as mentioned above, " a visa is not available for your priority date." Exhibit C.

18. In fact, on that date a visa was available for any noncitizen born in India with a petition approved under 8 U.S.C. § 203(b)(3)(A)(ii) and a priority date before January 1, 2009.

## CAUSES OF ACTION

I. TO HOLD USCIS'S REJECTION OF THE KOMPELLAS' APPLICATIONS FOR ADJUSTMENT OF STATUS UNLAWFUL AND SET THEM ASIDE

19. Inasmuch as Allied Informatics' priority date is September 13, 2003, visas were in fact available to the Kompellas' when they submitted their application for adjustment to USCIS on approximately September 13, 2023.

20. Accordingly, the USCIS's decision rejecting the Kompellas' application for adjustment of status was arbitrary and/or not in accordance with law.

WHEREFORE the Court should hold the USCIS's rejection of the Kompellas' applications for adjustment of status unlawful and set them aside pursuant to 5 U.S.C. § 706(2)(A).

## II.  TO COMPEL THE USCIS TO TAKE ACTION UNLAWFULLY WITHHELD

21. The USCIS owes a duty to the Kompellas to accept for filing and adjudicate their applications for adjustment of status as set forth in Exhibits A and B.

22. The USCIS, by unlawfully rejecting those applications, has unlawfully withheld taking that action.

WHEREFORE this Court should exercise its authority under 5 U.S.C. § 706(1) and/or 28 U.S.C. § 1361 to order the USCIS to accept the Kompellas' applications for adjustment of status as attached as Exhibit A and B hereof for filing and adjudicate them.

Respectfully Submitted this 18th day of December, 2023.
s/ *Michael E. Piston*
Michael E. Piston
Piston & Carpenter P.C.
Attorneys for the Plaintiffs
314 Town Center Dr.
Troy, MI 48084
646-845-9895
Fx: 206-770-6350